UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                              **Hon. Hugh B. Scott**

                  v.                                   06CR401A

                                              **DECISION
&
ORDER**

Clint D. Reeder,

                Defendants.

Before the court is the defendant's omnibus motion (Docket No. 7) which seeks Rule 16 discovery; disclosure of witness statements; Brady material; disclosure under Rules 404(b), 608 and 609; and the preservation of notes.[1]

**Background**

The defendant, Clint D. Reeder ("Reeder") has been charged by way of an Indictment returned on November 15, 2006 of unlawfully possessing a firearm, namely a Russian Makarov 9mm semi-automatic pistol and ammunition in violation o 18 U.S.C. § 922 (g)(1) and 924(e).

---

[1] Although the motion was designated as a "motion to suppress" when filed, the motion does not seek suppression of any specific evidence but instead requests the relief noted herein.

1

**Discovery**

The defendant seeks disclosure of various items of discovery pursuant to Rule 16(a)(1). The government appears to have provided substantial discovery in this case and represents that it has already complied with many of the defendant's requests. The government has represented that it was awaiting various reports relating to the firearm in question in this matter and that such reports would be produced to the defendant once obtained. (Docket No. 8 at page 2). Unless the defendant advises the Court otherwise, the Court will assume that the government's disclosure in this regard is adequate.

**Brady Material & Witness Statements (Jencks)**

The defendant has requested that the government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which he seeks to obtain. The government has represented that they were not in possession of any "exculpatory" material but recognized its continuing obligation to produce any such material under Brady. (Docket No. 8 at page 3).

Neither the Supreme Court, nor the Second Circuit,[2] have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1 988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.   With respect to material that would fall purely under the Jencks Act, such information is

to be disclosed in compliance with the District Court's trial order.

### Rule 404 Evidence

The defendant requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The government has represented that it is unaware of such evidence; that it was continuing to obtain such evidence; and that if the government becomes aware of evidence under this rule, the defendant will be notified. (Docket No. 8 at page 4). Such a response is sufficient as long as the government provides the defendants with reasonable notice of such material prior to trial or otherwise in compliance with the Order of the District Court.

### Rule 608 & 609

With respect to the defendant's request under Rules 608 and 609, the only notice requirement imposed by either rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement.

The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at

*7 (S.D.N.Y. Dec.13, 1995).

## Preservation of Evidence

The defendant also requests preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve all such evidence.

## Conclusion

For the reasons stated above, the omnibus motion (Docket No. 7) is granted in part and denied in part consistent with the above.

    So Ordered.

                                        /s/ Hugh B. Scott
                                        United States Magistrate Judge
                                        Western District of New York

Buffalo, New York
March 15, 2007